Although testimony was presented at the trial of this injunctive action in the trial court, the plaintiff never requested any finding but simply filed his assignment of errors. Such a procedure is permissible where the plaintiff relies Wholly upon error apparent on the face of the record. Practice Book 567A. All of the assignments of error raised by the plaintiff, however, involve the conclusions of the trial court with *Page 521 
respect to various provisions of the Bloomfield zoning ordinance as applied to the defendant's activities on his land. A finding is necessary "when the appellant desires to have reviewed the court's conclusions upon the facts of the case." Practice Book 567A.
Further, the plaintiff failed to file a designation of the contents of the record as required by Practice Book 554. The pleadings are before us, but the only paragraphs of the complaint which have been admitted are insufficient to allow consideration of any of the assignments of error. We do not even have a copy of the zoning ordinance before us, let alone any facts concerning the wrongful activities of the defendant which are relied upon in the plaintiff's brief.
Although a memorandum of decision was filed by the trial court, it is not in the form of a finding of facts, in accordance with Practice Book 567F, which is required if the memorandum is to be treated as equivalent to a finding. Practice Book 570B.
 It is clear that the errors claimed by the plaintiff are not apparent on the face of the record and that a finding would be necessary to consider them.
Accordingly, the appeal is dismissed suo motu.
SPEZIALE, D. SHEA, and SPONZO, Js., participated in this decision.